**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-26135-CIV-TORRES

DAVID HARRELL,

*Plaintiff*,

v.

LAZARA MARTINEZ,

*Defendants*.
______________________________________/

**ORDER DISMISSING COMPLAINT**

Two motions are pending in this pro se case: Plaintiff's motion for informa pauperis treatment [D.E. 4] and a motion for an order to show cause [D.E. 9]. Upon review of the record, this Order of dismissal is warranted under 28 U.S.C. § 1915.

## *I. BACKGROUND*

Plaintiff is seeking federal intervention through this action stemming from his failure to prevail in state court litigation. As his well-drafted complaint makes clear, he filed an action in the Eleventh Judicial Circuit in Miami-Dade County due to damages incurred in a motor vehicle accident. Based on the Court's review of the state court record, that litigation resulted in a trial court's dismissal with prejudice of Plaintiff's claims against this individual defendant (as well as Lyft, a Transportation Network Company ("TNC") under Florida law). The accident at issue occurred on March 24, 2020. Plaintiff sued Defendant and Lyft alleging that an

unknown driver drove through a red traffic light and collided with their vehicle. on the possibility that the unknown driver could have been driving on the Lyft or Uber platform, Plaintiff alleged common law negligence and vicarious liability against both.

The state court defendants moved to dismiss the Plaintiff's Complaint because it failed to plead claims that were not barred by the TNC Statute. The trial court found Appellant had sufficiently pled negligence and vicarious liability counts, but even accepting the allegations against Defendants as true, Plaintiff's claims fell outside the scope of liability permitted under Florida's TNC Statute, Fla. Stat. § 627.748.

Plaintiff appealed that dismissal to the Third District Court of Appeal, but the appellate court affirmed per curiam. Plaintiff then petitioned the Florida Supreme Court for review, but that Court also denied review. *Harrell v. Martinez*, 425 So. 3d 738, 739 (Fla. 3d DCA 2025), *reh'g denied* (Dec. 11, 2025), *review dismissed,* No. SC2025-2002, 2025 WL 3654752 (Fla. Dec. 17, 2025).

Now Plaintiff is coming to federal court on federal question grounds, alleging that the state courts are unlawfully applying the TNC statute to an accident that pre-dated its enactment. Plaintiff claims that the statutory amendment he labels as the "immunity shield" did not take effect until June 2020, while his accident took place on March 24, 2020. So, he believes that a due process violation can be asserted for this unlawful application of the statute to his case. And he requests that this court

exercise federal jurisdiction to "reverse[ ] and remand back to Dade County state civil court to reinstate the Plaintiff's amended complaint."

## *II. ANALYSIS*

The *Rooker-Feldman* doctrine gives precedential teeth to the long-recognized rule that the federal courts, outside of limited circumstances reserved to the Supreme Court, cannot operate as an end-around to avoid state court judgments. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-6 (1923); *Casale v. Tillman,* 558 F.3d 1258, 1260 (11th Cir. 2009) ("The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." (citing *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 485 (1983))); *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) ("Under the *Rooker–Feldman* doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States."). The doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, (2005).

This jurisdictional rule does not apply to all cases where a matter raised in federal court may have also been addressed in state court. *Efron v. Candelario*, 110 F.4th 1229, 1235 (11th Cir. 2024). A viable independent claim, that does not depend on an injury caused by a state court judgment, may still support subject matter

jurisdiction. *Id.* (citing *Nicholson,* 558 F.3d at 1274). But if, on a claim-by-claim basis, recovery in the federal action is predicated on an injury caused by the state court judgment itself, then *Rooker-Feldman* applies. *Id.* at 1236 (citing *Feldman*, 460 U.S. at 486–87) (finding that *Rooker-Feldman* barred a plaintiff's claim that the state court had acted "arbitrarily and capriciously" but not the plaintiff's claim that the underlying state rule was unconstitutional); *Alvarez v. Att'y Gen. of Fla.*, 679 F.3d 1257, 1263 (11th Cir. 2012) (distinguishing a permissible challenge to the underlying constitutionality of a procedure from a barred challenge to the state court's application of that procedure)). In that case, the doctrine applies both to federal claims raised in state court and to those inextricably intertwined with the state court judgment. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).

Plaintiff's suit in state court resulted in a final judgment after he did not prevail before the trial court under Florida law. He properly appealed that order to the state appellate court, presumably raising the very same arguments he is raising here as to the ex post facto nature of the TNC statute and his case, but the appellate court rejected his appeal and declined to reverse the lower court's judgment to dismiss his case with prejudice. He then petitioned the Florida Supreme Court for review, but that too failed.

Based on what he has alleged in this complaint, Plaintiff, now a state court loser, asks this Court to review and reject the same substantive claims that he unsuccessfully brought forward in state court. Although Plaintiff's federal complaint invokes purported federal due process issues, the Eleventh Circuit recognizes that

"[t]he question is whether the substance–if not the form—of a plaintiff's claim requires a district court to 'review' and 'reject' a state court judgment." *Efron,* 110 F.4th at 1238 (quoting *Behr v. Campbell,* 8 F.4th 1206, 1211 (11th Cir. 2021)).

The allegations in this complaint can only be read as Plaintiff's effort to achieve exactly what the *Rooker-Feldman* doctrine seeks to avoid: federal review on the same factual and legal principles already adjudicated in state court. *Moore*, 121 F.3d at 626 (11th Cir. 1997) ("Federal district courts may not exercise jurisdiction to decide federal issues which are inextricably intertwined with a state court's judgment"); *Velazquez v. S. Fla. Fed. Credit Union*, 546 F. App'x 854, 859 (11th Cir. 2013) (finding that federal district courts do not have jurisdiction over cases alleging fraud on the state court because the state appellate court, unpersuaded by the plaintiff's fraud allegations, denied appeal); *Rapid Check Cashing v. Prodira S.A. de C.V. Casa De Cambio*, No. 13-24660-CV, 2014 WL 3703854, At *4 (S.D. Fla. July 10, 2014) (finding that the District Court did not have jurisdiction when a district court's judgment would require reversing or voiding a state court judgment.); *Bosdorf v. Beach*, 79 F. Supp. 2d 1337 (S.D. Fla. 1999) ("If a federal court's decision on an issue requires a determination that the state court was wrong, then the action is properly characterized as an appeal and the federal court cannot hear the case." (citations omitted)).

A review of the federal complaint here juxtaposed against the claims and issues raised in the state court proceeding, evidences that Plaintiff's damages flow directly from the state court judgment. He disagrees with that court's application of a Florida

state immunity statute that barred his Florida common law claims. He urges this Court to grant him relief from those rulings and remand him back to the Florida trial court.

The Court cannot do so, however, without ultimately finding that the state court judgment (and indeed the appellate courts' refusal to correct it) was wrong. There are no independent claims that could be pressed in this case separate and apart from the state court proceeding. As a result, the complaint must be dismissed on this basis for lack of subject matter jurisdiction. *See also Jones v. Crosby*, 137 F.3d 1279, 1280 (11th Cir. 1998) ("Jones cannot utilize 42 U.S.C. § 1983 to recast his claim and thereby obtain collateral review in federal court of the state court decision." (citing *Berman v. Florida Bd. of Bar Examiners,* 794 F.2d 1529 (11th Cir. 1986)); *Gibson v. Florida*, No. 8:22-cv-2247-WFJ-TGW, 2023 WL 2571031, at *2 (M.D. Fla. Mar. 20, 2023) ("[The plaintiff] seeks to re-litigate the issue decided by the state court: whether the real property at issue was properly foreclosed. *Rooker-Feldman* bars the [p]laintiff from relitigating the same issues here, although cloaked as a § 1983 claim and other various torts....[The plaintiff's] claims would either nullify the state courts' judgments or would succeed only to the extent that the state courts wrongly decided the issues. The [c]ourt lacks subject-matter jurisdiction over these inextricably intertwined claims.").

## *III. CONCLUSION*

For the foregoing reasons, the pending motions are DENIED as moot. The Court finds that this complaint must be **DISMISSED** for lack of subject matter

jurisdiction. The case is CLOSED.

**DONE and SUBMITTED** in Chambers at Miami, Florida this 7th day of September, 2026.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge